JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** NIGAN SHAH, Individually & On Behalf of All Others Similarly Situated

**DEFENDANTS** Drugstore.com, Inc., KAL RAMAN, ROBERT A. BARTON, and PETER M. NEUPERT

**(b)** County of Residence of First Listed Plaintiff King County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed KING COUNTY
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Keller Rohrback LLP.
1201 Third Ave., Suite 3200
Seattle, WA 98101-3052

Attorneys (If Known)

## II. BASIS OF JURISDICTION     (Place an "X" in One Box Only)

☐ 1  U.S. Government
    Plaintiff

☐ 2  U.S. Government
    Defendant

☒ 3  Federal Question
    (U.S. Government Not a Party)

☐ 4  Diversity
    (Indicate Citizenship of Parties
    in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                and One Box for Defendant)

|  | PLT | DEF |  | DEF |  |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT     (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☒ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 H1A (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | Determination Under Equal Access to |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | Security Act | 26 USC 7609 | Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of |
| | | ☐ 550 Civil Rights | | | State Statutes |
| | | ☐ 555 Prison Condition | | | ☐ 890 Other Statutory Actions |

## V. ORIGIN     (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
    Proceeding

☐ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    another district
    (specify)

☐ 6 Multidistrict
    Litigation

☐ 7 Appeal to
    District
    Judge from
    Magistrate
    Judgment

## VI. CAUSE OF ACTION    (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §1391(b)

15 U.S.C. §78j(b); 78t(a), 17 C.F.R. §240.10b-5; 15 U.S.C. §78aa; 28 U.S.C. §1331

## VII. REQUESTED IN     ☒ CHECK IF THIS IS A CLASS ACTION    DEMAND $       CHECK YES only if demanded in complaint:
**COMPLAINT:**       UNDER F.R.C.P. 23                         JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)
**IF ANY**     (See instructions):     JUDGE                         DOCKET NUMBER

DATE 6-25-04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUN_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.     Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

| | | |
|---|---|---|
| 9 | NIGAN SHAH, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| 10 | ) Plaintiff, ) | No. |
| 11 | ) v. ) | CLASS ACTION COMPLAINT |
| 12 | ) DRUGSTORE.COM, INC., KAL RAMAN, ) | |
| 13 | ROBERT A. BARTON, and PETER M. ) NEUPERT, ) | **JURY TRIAL DEMANDED** |
| 14 | ) ) | |
| | Defendant. ) | |

Plaintiff, Nigan Shah ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through his attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding drugstore.com, inc. ("drugstore.com" or the "Company") securities analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

Page 1

CLASS ACTION COMPLAINT
N:\ATTORNEY\LLS\DRUGSTORE.COM\CLASSACTIONCOMPLAINTFINAL.062504.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## I. NATURE OF THE ACTION

1.     This is a federal class action on behalf of purchasers of the securities of drugstore.com between January 20, 2004 and June 10, 2004, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

## II. JURISDICTION AND VENUE

2.     The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, (15 U.S.C. §§ 78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

3.     This Court has jurisdiction over the subject matter of this action pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. § 1331.

4.     Venue is proper in this Judicial District pursuant to §27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b).  Many of the acts and transactions alleged herein, including the preparation and dissemination of materially false and misleading information, occurred in substantial part in this Judicial District.  Additionally, the Company maintains a principal executive office in this Judicial District.

5.     In connection with the acts, conduct and other wrongs alleged in this complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.     Plaintiff Nigan Shah as set forth in the accompanying certification, incorporated by reference herein, purchased Drugstore.com securities at artificially inflated prices during the Class Period and has been damaged thereby.

7.     Defendant drugstore.com is a Delaware corporation that maintain its principal place of business within this judicial district at 13920 Southeast Eastgate Way, Suite 300 Bellevue, Washington 98005.

Page 2

CLASS ACTION COMPLAINT
N:\ATTORNEY\LLS\DRUGSTORE.COM\CLASSACTIONCOMPLAINTFINAL.062504.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

8. Defendant Kal Raman ("Raman")was the Company's President and Chief Executive Officer. He resigned his post on June 11, 2004.

9. Defendant Robert A. Barton ("Barton") was, at all relevant times, the Company's Vice President of Finance and Chief Financial Officer (Principal Financial and Accounting Officer).

10. Defendant Peter M. Neupert ("Neupert") was, at all relevant times, the Company's Chairman of the Board.

11. Defendants Raman, Barton, Neupert are collectively referred to hereinafter as the "Individual Defendants." During the Class Period, each of the Individual Defendants, as senior executive officers and/or directors of Drugstore.com were privy to non-public information concerning its business, finances, products, markets and present and future business prospects via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and Board of Directors meetings and committees thereof and via reports and other information provided to them in connection therewith. Because of their possession of such information, the Individual Defendants knew or recklessly disregarded the fact that adverse facts specified herein had not been disclosed to, and were being concealed from, the investing public.

12. Because of the Individual Defendants' positions with the Company, they had access to the adverse undisclosed information about the Company's business, operations, operational trends, financial statements, markets and present and future business prospects via access to internal corporate documents (including the Company's operating plans, budgets and forecasts and reports of actual operations compared thereto), conversations and connections with other corporate officers and employees, attendance at management and Board of Directors meetings and committees thereof and via reports and other information provided to them in connection therewith.

13. It is appropriate to treat the Individual Defendants as a group for pleading

Page 3

CLASS ACTION COMPLAINT
N:\ATTORNEY\LLS\DRUGSTORE.COM\CLASSACTIONCOMPLAINTFINAL.062504.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

purposes and to presume that the false, misleading and incomplete information conveyed in the Company's public filings, press releases and other publications as alleged herein are the collective actions of the narrowly defined group of defendants identified above. Each of the above officers of drugstore.com, by virtue of their high-level positions with the Company, directly participated in the management of the Company, was directly involved in the day-to-day operations of the Company at the highest levels and was privy to confidential proprietary information concerning the Company and its business, operations, growth, financial statements, and financial condition, as alleged herein. Said defendants were involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein, were aware, or recklessly disregarded, that the false and misleading statements were being issued regarding the Company, and approved or ratified these statements, in violation of the federal securities laws.

14.     As officers and controlling persons of a publicly-held company whose securities were and are registered with the SEC pursuant to the Exchange Act, and was traded on the NASDAQ and governed by the provisions of the federal securities laws, the Individual Defendants each had a duty to disseminate accurate and truthful information promptly with respect to the Company's financial condition and performance, growth, operations, financial statements, business, markets, management, earnings and present and future business prospects, and to correct any previously-issued statements that had become materially misleading or untrue, so that the market price of the Company's publicly-traded securities would be based upon truthful and accurate information. The Individual Defendants' misrepresentations and omissions during the Class Period violated these specific requirements and obligations.

15.     The Individual Defendants participated in the drafting, preparation, and/or approval of the various public and shareholder and investor reports and other communications complained of herein and were aware of, or recklessly disregarded, the misstatements contained therein and omissions therefrom, and were aware of their materially false and misleading nature.

Page 4

CLASS ACTION COMPLAINT
N:\ATTORNEY\LLS\DRUGSTORE.COM\CLASSACTIONCOMPLAINTFINAL.062504.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Because of their Board membership and/or executive and managerial positions with drugstore.com, each of the Individual Defendants had access to the adverse undisclosed information about drugstore.com financial condition and performance as particularized herein and knew (or recklessly disregarded) that these adverse facts rendered the positive representations made by or about drugstore.com and its business issued or adopted by the Company materially false and misleading.

16.     The Individual Defendants, because of their positions of control and authority as officers and/or directors of the Company, were able to and did control the content of the various SEC filings, press releases and other public statements pertaining to the Company during the Class Period.  Each Individual Defendant was provided with copies of the documents alleged herein to be misleading prior to or shortly after their issuance and/or had the ability and/or opportunity to prevent their issuance or cause them to be corrected.  Accordingly, each of the Individual Defendants is responsible for the accuracy of the public reports and releases detailed herein and is therefore primarily liable for the representations contained therein.

17.     Each of the defendants is liable as a participant in a fraudulent scheme and course of business that operated as a fraud or deceit on purchasers of drugstore.com securities by disseminating materially false and misleading statements and/or concealing material adverse facts.    The scheme (i) deceived the investing public regarding drugstore.com business, operations, management and the intrinsic value of drugstore.com securities; and (ii) caused Plaintiff and other members of the Class to purchase drugstore.com securities at artificially inflated prices.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired the securities of drugstore.com between January 20, 2004 and June 10, 2004, inclusive (the "Class Period") and who were damaged thereby.  Excluded from the Class are

Page 5

CLASS ACTION COMPLAINT
N:\ATTORNEY\LLS\DRUGSTORE.COM\CLASSACTIONCOMPLAINTFINAL.062504.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  defendants, the officers and directors of the Company, at all relevant times, members of their

2  immediate families and their legal representatives, heirs, successors or assigns and any entity in

3  which defendants have or had a controlling interest.

4       19.    The members of the Class are so numerous that joinder of all members is

5  impracticable. Throughout the Class Period, drugstore.com's securities were actively traded on

6  the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time

7  and can only be ascertained through appropriate discovery, Plaintiff believes that there are

8  hundreds or thousands of members in the proposed Class. Record owners and other members of

9  the Class may be identified from records maintained by drugstore.com or its transfer agent and

10  may be notified of the pendency of this action by mail, using the form of notice similar to that

11  customarily used in securities class actions.

12       20.    Plaintiff's claims are typical of the claims of the members of the Class, as all

13  members of the Class are similarly affected by defendants' wrongful conduct in violation of

14  federal law that is complained of herein.

15       21.    Plaintiff will fairly and adequately protect the interests of the members of the

16  Class and has retained counsel competent and experienced in class and securities litigation.

17       **22.**    Common questions of law and fact exist as to all members of the Class and

18  predominate over any questions solely affecting individual members of the Class. Among the

19  questions of law and fact common to the Class are:

20             (a)    whether the federal securities laws were violated by defendants' acts as
                  alleged herein;

21

22             (a)    whether statements made by defendants to the investing public during the
                  Class Period misrepresented material facts about the business, operations
                  and management of drugstore.com; and

23

24             (b)    to what extent the members of the Class have sustained damages and the
                  proper measure of damages.

25       23.    A class action is superior to all other available methods for the fair and efficient

26  adjudication of this controversy since joinder of all members is impracticable. Furthermore, as

CLASS ACTION COMPLAINT
N:\ATTORNEY\LLS\DRUGSTORE.COM\CLASSACTIONCOMPLAINTFINAL.062504.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   the damages suffered by individual Class members may be relatively small, the expense and

2   burden of individual litigation make it impossible for members of the Class to individually

3   redress the wrongs done to them.  There will be no difficulty in the management of this action as

4   a class action.

5                              **SUBSTANTIVE ALLEGATIONS**
                                   **Background**

6          24.    According to the Company's website, drugstore.com is a leading online provider

7   of health, beauty, vision, and pharmacy solutions.  The drugstore.com online store provides a

8   convenient, private, and informative shopping experience that encourages consumers to purchase

9   products essential to healthy, everyday living.  The online store offers thousands of brand-name

10  personal health care products at competitive prices; a full-service, licensed retail pharmacy; and a

11  wealth of health-related information, buying guides, and other tools designed to help consumers

12  make informed purchasing decisions.

13         25.    On December 9, 2004, drugstore.com announced it had completed the acquisition

14  of privately-held International Vision Direct Corporation, a leading provider of contact lenses

15  and vision accessories.  Under the terms of the acquisition agreement, which was signed on

16  November 3, 2003, drugstore.com would  acquire Vision Direct for $10 million in cash and 6.8

17  million shares of common stock.  The acquisition closed on December 8, 2003.

18                          **Materially False And Misleading**
                         **Statements Issued During The Class Period**
19
20         26.    The Class Period starts on January 20, 2004.  At that time the Company reported

21  record net sales of $70.6 million for the quarter and a 59% year-over-year reduction in Generally

22  Accepted Accounting Principles ("GAAP") net loss, and announced that it achieved EBITDA

23  profitability (a non-GAAP financial measure defined as earnings before interest, taxes,

24  depreciation and amortization of intangible assets, non-cash marketing expense, and stock-based

25  compensation).  Additionally, the Company reported the following:

26         Fourth quarter 2003 net sales reached an all-time high of $70.6 million,

Page 7

CLASS ACTION COMPLAINT
N:\ATTORNEY\LLS\DRUGSTORE.COM\CLASSACTIONCOMPLAINTFINAL.062504.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

which represented a 28% increase over the fourth quarter of 2002. Net sales for fiscal year 2003 reached $245.7 million, reflecting a 27% increase over fiscal year 2002. Gross margin was 22.2% for the quarter, and increased by 180 basis points over the fourth quarter of the prior year. For fiscal year 2003, gross margin was 20.4%. Net loss for the fourth quarter was $2.4 million, or $0.03 per share, and reflected a 59% reduction from the fourth quarter of fiscal year 2002. Net loss for fiscal year 2003 was $18.6 million, or $0.27 per share, improving by 63% over fiscal year 2002. EBITDA was $556,000 for the fourth quarter, and reflected the first EBITDA profit in drugstore.com, inc.'s history. EBITDA loss for the year was $6.8 million. A reconciliation of net loss to EBITDA is included in the financial data accompanying this press release. Cash, cash equivalents, and marketable securities at the end of the fourth quarter totaled $43.6 million, and reflected the use of $10 million in cash for the acquisition of International Vision Direct Corp. in the fourth quarter of fiscal year 2003.

***

Operational Highlights for the Fourth Quarter of Fiscal Year 2003 and Recent Announcements

drugstore.com, inc. acquired International Vision Direct Corp. ("Vision Direct") for approximately $56 million in aggregate consideration. Vision Direct is a leading direct-to-consumer retailer for prescription contact lenses ordered online, on the phone, through the mail or by fax. Vision Direct, which operates web stores at www.visiondirect.com, www.onestopcontacts.com, www.lensmart.com, and www.paylesscontacts.com, offers high quality brand name products from Bausch & Lomb, CIBA Vision, and Johnson & Johnson. The purchase price included $10 million in cash, with the balance paid in shares of drugstore.com, inc. common stock. The company anticipates the results of the acquisition to contribute positively to both top-line sales growth and profitability in fiscal year 2004, and to be accretive on an earnings per share basis. Following the closing of the acquisition, Vision Direct contributed $2.3 million in top line sales and provided a $50,000 EBITDA contribution to the fourth quarter and fiscal year 2003 consolidated results of drugstore.com, inc. For the year, Vision Direct recognized revenues of approximately $48 million with a trailing twelve month spend per active customer of approximately $195.

27.   Commenting on these results, defendant Raman stated:

"The fourth quarter was an important milestone for drugstore.com™, as we accomplished significant operational goals, including record sales, higher gross margins, and most importantly, EBITDA profitability[.] . . . We also made significant investments for the future, such as broadening

Page 8

CLASS ACTION COMPLAINT
N:\ATTORNEY\LLS\DRUGSTORE.COM\CLASSACTIONCOMPLAINTFINAL.062504.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

our product mix by acquiring a leading online contact lens provider, launching new technology that makes it easier for customers to use their flexible spending accounts, and leading the effort to make the Internet safer for consumers shopping online for prescriptions. With these and other growth initiatives, we believe we can continue to grow the company profitably and build on our position as the leading provider of health, beauty, wellness, personal care, and pharmacy solutions on the Web."

28. Additionally, the Company gave the following financial outlook:

Outlook for the First Quarter of Fiscal Year 2004 and Fiscal Year 2004 drugstore.com, inc. anticipates net sales for fiscal year 2004 to grow in excess of 45% over 2003, and be in the range of $360 million to $390 million. Of net sales, the company expects pharmacy mail order sales to be approximately 16%, local pickup pharmacy sales to be approximately 24%, eye care sales to be approximately 20%, and OTC sales to be approximately 40%. For fiscal year 2004, the company expects GAAP net loss in the range of $9.5 million to $13.5 million and EBITDA in the range of break-even to $4 million. For the first quarter of fiscal year 2004, the company expects net sales to be approximately $80 million to $85 million, with mail order pharmacy sales at approximately 17% of net sales, local pickup pharmacy sales at approximately 28%, eye care at approximately 15%, and OTC sales at approximately 40%. Gross margin in the first quarter of 2004 is expected to be in the range of 21% to 22%. The company anticipates a GAAP net loss range of $4.5 million to $5.0 million and an EBITDA loss range of $1.2 million to $1.7 million for the first quarter, as the company anticipates increased marketing spending in the first quarter to drive additional growth into the newly acquired Vision Direct and the company's other base businesses.

29. On March 12, 2004, the Company filed its annual report on Form 10-K with the SEC. The Company's Form 10-K was signed by the Individual Defendants. Therein, the defendants reaffirmed the Company's previously issued financial results and its previously issued positive statements about the Company's financial outlook.

30. On April 28, 2004, the Company announced its financial results for the quarter ending March 28, 2004. The company reported a 48% year-over-year increase in quarterly net sales to a record $84.4 million, a 73% year-over-year increase in gross profit to $18.1 million, and a 19% year-over-year reduction in quarterly net loss.

31. Commenting on these results, defendant Raman stated:

Page 9

CLASS ACTION COMPLAINT
N:\ATTORNEY\LLS\DRUGSTORE.COM\CLASSACTIONCOMPLAINTFINAL.062504.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

"The first quarter of 2004 was an exciting quarter for us, as we began to see a significant return from our growth initiatives. This was demonstrated by an impressive 46% year-over-year growth in revenue from repeat customers in our over-the-counter business, which shows that our customers are getting more from and are doing more of their shopping at the drugstore.com™ Web store[.] . . .

We believe that reducing delivery times will encourage our customers, particularly our West Coast customers, to shop more frequently with us[.]"

32.     Additionally, the Company gave the following financial outlook:

Outlook for the Second Quarter and Fiscal Year 2004
For the second quarter of fiscal year 2004, drugstore.com, inc. expects net sales to be in the range of $85 million to $89 million. Of total net sales, the company expects OTC sales to be in the range of $36 million to $38 million, mail-order pharmacy sales to be in the range of $15 million to $16 million, local pick-up pharmacy to be in the range of $21 million to $22 million, and vision to be approximately $13 million. The company plans to implement a new Free 3-Day Shipping service for OTC orders of $49 or more, which is expected to benefit West Coast customers in particular, and also plans to increase spending on marketing to promote its newly acquired vision business and the Free 3-Day Shipping service. As a result, the company anticipates GAAP net loss for the second quarter to be in the range of $4.0 million to $4.5 million, and EBITDA loss to be in the range of $600,000 to $1.1 million.

For the full fiscal year, drugstore.com, inc. confirmed its prior guidance that net sales are expected to grow more than 45% over 2003, to a range of $360 million to $390 million. The company adjusted its forecast of GAAP net loss for the full fiscal year slightly, to a range of $9.8 million to $13.8 million. The company maintained its prior EBITDA guidance for fiscal year 2004, with EBITDA in the range of break-even to a profit of $4.0 million, and believes that it will end the year with more than $40 million in cash.

33.     The statements contained in  26-32 were each materially false and misleading because the defendants failed to disclose and indicate: (1) that the defendants knew or recklessly disregarded the fact that the Company's gross margins were being negatively impacted due to its implementation of a free three-day shipping offer, which was enacted in April 2004; (2) that the defendants knew or recklessly disregarded the fact that the integration of International Vision Direct was a disaster; (4) that the Company's sales growth was being negatively impacted by

CLASS ACTION COMPLAINT
N:\ATTORNEY\LLS\DRUGSTORE.COM\CLASSACTIONCOMPLAINTFINAL.062504.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

cancellations resulting from expired prescriptions; (3) that EBITDA was swinging $5 million to negative territory; and (4) that, as a result of the foregoing, defendants lacked a reasonable basis for their positive and aggressive statements about the Company and their earnings projections.

## The Truth Begins to Emerge

34.    On June 11, 2004, the Company provided an update on anticipated financial results for the second quarter and fiscal year 2004.  According to the update, the Company stated:

> For the second quarter of 2004, drugstore.com, inc. currently expects revenues to increase by approximately 50 percent year-over-year, in line with previous guidance of $85 to $89 million, with a GAAP net loss of approximately $4.5 million to $5.2 million. The company expects to report an EBITDA loss (a non-GAAP financial measure defined as earnings before interest, taxes, depreciation and amortization of intangible assets, non-cash marketing expense and stock-based compensation) of $1.1 to $1.8 million for the second quarter. This would represent a significant improvement over an EBITDA loss of $2.1 million reported for the same period last year, but is below previous guidance of an EBITDA loss of $600,000 to $1.1 million.

> "We expect our second quarter results to be impacted by a dip in gross margins to approximately 20.3 percent," said Bob Barton, acting chief executive officer of drugstore.com, inc. "This reflects a slower-than-anticipated ramp-up in our Vision Direct business and the impact of our free three-day shipping and other discount programs on our gross margins. Recently enacted legislation requires all patients to renew their contact lens prescriptions annually. We believe that cancellations resulting from expired prescriptions have slowed our sales growth and increased our costs in our vision business, and we expect that this will continue at least in the near term. In addition, the integration of Vision Direct onto our technology platform is taking longer than originally anticipated, but when complete, will enable us to improve our customer service and marketing efficiency and allow us to more effectively cross-sell products across our customer base."

> For the full year, drugstore.com, inc. net sales are now expected to grow by more than 40 percent over 2003, to a range of $355 million to $370 million. For fiscal year 2004, the company adjusted its previous forecast of GAAP net loss to a range of $15.8 million to $17.8 million and adjusted its prior EBITDA guidance to an EBITDA loss in the range of $2.0 to $4.0 million. The company expects an EBITDA profit in the fourth quarter of 2004. A schedule of the expected range of estimated amounts to be used in reconciling expected net loss (the most directly comparable GAAP measure) to expected EBITDA gain/(loss) is provided supplementally below.

Page 11

CLASS ACTION COMPLAINT
N:\ATTORNEY\LLS\DRUGSTORE.COM\CLASSACTIONCOMPLAINTFINAL.062504.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

"In recent months, we have instituted a number of programs that we believe will greatly benefit the long-term growth of our business," continued Mr. Barton. "These include free three-day shipping to Midwest, Mountain, and West Coast customers for nonprescription orders of $49 or more, and pricing initiatives that demonstrate our continued commitment to being the clear value leader in both OTC and pharmacy products. These programs, together with slower-than-expected growth in our vision business, are having an impact on our bottom-line results, but we believe that they will provide long-term growth opportunities. Looking forward, we expect to grow our overall business by more than 40 percent in 2004. Additionally, we expect to report decreasing operating expenses as a percentage of net sales in the second quarter of 2004, improving gross margins in the second half of 2004, and a return to EBITDA profitability in the fourth quarter of 2004. All of these signs point to a growing company that continues to be focused on improving its bottom-line results."

35.     Additionally on June 11, 2004, the Company announced that defendant Raman had decided to leave the Company and that defendant Barton would assume defendant Raman's responsibilities during the Company's search for a replacement.

36.     News of this shocked the market. Shares of drugstore.com fell $1.85 per share, or 38 percent, to close at $3.06 per share on unusually high volume on June 14, 2004.

## UNDISCLOSED ADVERSE FACTS

37.     The market for drugstore.com's securities was open, well-developed and efficient at all relevant times. As a result of these materially false and misleading statements and failures to disclose, drugstore.com's securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired drugstore.com securities relying upon the integrity of the market price of drugstore.com's securities and market information relating to drugstore.com, and have been damaged thereby.

38.     During the Class Period, defendants materially misled the investing public, thereby inflating the price of drugstore.com's securities, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make defendants' statements, as set forth herein, not false and misleading. Said statements and omissions were materially false and misleading in that they failed to disclose material adverse information and misrepresented

Page 12

CLASS ACTION COMPLAINT
N:\ATTORNEY\LLS\DRUGSTORE.COM\CLASSACTIONCOMPLAINTFINAL.062504.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    the truth about the Company, its business and operations, as alleged herein.

2         39.    At all relevant times, the material misrepresentations and omissions particularized

3    in this Complaint directly or proximately caused or were a substantial contributing cause of the

4    damages sustained by plaintiff and other members of the Class. As described herein, during the

5    Class Period, defendants made or caused to be made a series of materially false or misleading

6    statements about drugstore.com's business, prospects and operations.    These material

7    misstatements and omissions had the cause and effect of creating in the market an unrealistically

8    positive assessment of drugstore.com and its business, prospects and operations, thus causing the

9    Company's securities to be overvalued and artificially inflated at all relevant times. Defendants'

10   materially false and misleading statements during the Class Period resulted in plaintiff and other

11   members of the Class purchasing the Company's securities at artificially inflated prices, thus

12   causing the damages complained of herein.

13                        **ADDITIONAL SCIENTER ALLEGATIONS**

14        40.    As alleged herein, defendants acted with scienter in that defendants knew that the

15   public documents and statements issued or disseminated in the name of the Company were

16   materially false and misleading; knew that such statements or documents would be issued or

17   disseminated to the investing public; and knowingly and substantially participated or acquiesced

18   in the issuance or dissemination of such statements or documents as primary violations of the

19   federal securities laws. As set forth elsewhere herein in detail, defendants, by virtue of their

20   receipt of information reflecting the true facts regarding drugstore.com, their control over, and/or

21   receipt and/or modification of drugstore.com allegedly materially misleading misstatements

22   and/or their associations with the Company which made them privy to confidential proprietary

23   information concerning Drugstore.com, participated in the fraudulent scheme alleged herein.

24        41.    Defendants knew and/or recklessly disregarded the falsity and misleading nature

25   of the information which they caused to be disseminated to the investing public. The ongoing

26   fraudulent scheme described in this complaint could not have been perpetrated over a substantial

Page 13

CLASS ACTION COMPLAINT
N:\ATTORNEY\LLS\DRUGSTORE.COM\CLASSACTIONCOMPLAINTFINAL.062504.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

period of time, as has occurred, without the knowledge and complicity of the personnel at the highest level of the Company, including the Individual Defendants.

42. Additionally, the insiders were able to take advantage of the Company's false and misleading statements by selling 713,000 shares at artificially inflated prices for proceeds totaling over $4 million, as evidenced by the chart below:

| NAME | DATE AND SHARES SOLD | PROCEEDS |
|------|----------------------|----------|
| Raman | 05/17/04 -- 10,000 shares @ $4.408 per share | $44,080 |
| | 04/13/04 -- 25,000 shares @ $5.70 per share | $142,500 |
| | 04/07/04 -- 25,000 shares @ $5.875 per share | $146,875 |
| | 04/03/04 -- 25,000 shares @ $5.485 per share | $137,125 |
| | 03/30/04 -- 25,000 shares @ $5.25 per share | $131,250 |
| | 03/26/04 -- 25,000 shares @ $5.00 per share | $125,000 |
| | 03/23/04 -- 25,000 shares @ $5.109 per share | $127,725 |
| | 03/18/04 -- 25,000 shares @ $5.23 per share | $130,750 |
| | 03/15/04 -- 25,000 shares @ $5.643 per share | $141,075 |
| | 03/10/04 -- 25,000 shares @ $5.686 per share | $142,150 |
| | 03/05/04 -- 25,000 shares @ $6.006 per share | $150,150 |
| | 03/02/04 -- 25,000 shares @ $5.826 per share | $145,650 |
| | 02/27/04 -- 25,000 shares @ $5.747 per share | $143,675 |
| | 02/20/04 -- 25,000 shares @ $5.992 per share | $149,800 |
| | 02/18/04 -- 16,000 shares @ $6.472 per share | $103,552 |
| | 02/17/04 -- 39,800 shares @ $6.163 per share | $245,287.40 |
| | 02/13/04 -- 12, 500 shares @ $6.180 per share | $77,250 |
| | 02/11/04 -- 10,000 shares @ $6.640 per share | $66,400 |
| | 02/10/04 -- 42,000 shares @ $6.129 per share | $257,418 |
| | 02/05/04 -- 25,000 shares @ $6.063 per share | $151,575 |
| | 02/02/04 -- 6,000 shares @ $6.767 per share | $40,602 |
| | 01/28/04 -- 25,000 shares @ $7.090 per share | $177,250 |
| | 01/26/04 -- 25,000 shares @ $7.155 per share | $178,875 |
| | **Total Shares Sold: 513,800 shares** | **Total: $3,156,014.40** |
| Barton | 03/30/04 -- 66,000 shares @ $5.50 per share | $363,000 |
| | 02/25/04 -- 67,000 shares @ $5.536 per share | $370,912 |
| | 01/26/04 -- 67,000 shares @ $7.155 per share | $479,385 |
| | **Total Shares Sold: 200,000** | **Total: $1,213,297** |
| | **Total Shares Sold: 713,000 shares** | **Total Proceeds: $4,369,311.40** |

### Applicability Of Presumption Of Reliance: Fraud-On-The-Market Doctrine

43. At all relevant times, the market for drugstore.com securities was an efficient market for the following reasons, among others:

Page 14

CLASS ACTION COMPLAINT
N:\ATTORNEY\LLS\DRUGSTORE.COM\CLASSACTIONCOMPLAINTFINAL.062504.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

(a)     Drugstore.com stock met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b)     As a regulated issuer, drugstore.com filed periodic public reports with the SEC and the NASDAQ;

(c)     Drugstore.com regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

(d)     Drugstore.com was followed by several securities analysts employed by major brokerage firms who wrote reports which were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

44.     As a result of the foregoing, the market for drugstore.com securities promptly digested current information regarding drugstore.com from all publicly-available sources and reflected such information in drugstore.com's stock price. Under these circumstances, all purchasers of drugstore.com securities during the Class Period suffered similar injury through their purchase of drugstore.com securities at artificially inflated prices and a presumption of reliance applies.

## NO SAFE HARBOR

45.     The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this complaint. Many of the specific statements pleaded herein were not identified as "forward-looking statements" when made. To the extent there were any forward-looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. Alternatively, to the

Page 15

CLASS ACTION COMPLAINT
N:\ATTORNEY\LLS\DRUGSTORE.COM\CLASSACTIONCOMPLAINTFINAL.062504.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   extent that the statutory safe harbor does apply to any forward-looking statements pleaded

2   herein, defendants are liable for those false forward-looking statements because at the time each

3   of those forward-looking statements was made, the particular speaker knew that the particular

4   forward-looking statement was false, and/or the forward-looking statement was authorized

5   and/or approved by an executive officer of Drugstore.com who knew that those statements were

6   false when made.

7                                   **FIRST CLAIM**
                              **Violation Of Section 10(b) Of**
8                       ~~The Exchange Act Against And Rule 10b-5~~
                       **Promulgated Thereunder Against All Defendants**
9
        46.     Plaintiff repeats and realleges each and every allegation contained above as if
10
    fully set forth herein.
11
        47.     During the Class Period, defendants carried out a plan, scheme and course of
12
    conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing
13
    public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and
14
    other members of the Class to purchase drugstore.com securities at artificially inflated prices.  In
15
    furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them,
16
    took the actions set forth herein.
17
        48.     Defendants (a) employed devices, schemes, and artifices to defraud; (b) made
18
    untrue statements of material fact and/or omitted to state material facts necessary to make the
19
    statements not misleading; and (c) engaged in acts, practices, and a course of business which
20
    operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to
21
    maintain artificially high market prices for drugstore.com securities in violation of Section 10(b)
22
    of the Exchange Act and Rule 10b-5.  All defendants are sued either as primary participants in
23
    the wrongful and illegal conduct charged herein or as controlling persons as alleged below.
24

25

26

Page 16

CLASS ACTION COMPLAINT
N:\ATTORNEY\LLS\DRUGSTORE.COM\CLASSACTIONCOMPLAINTFINAL.062504.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

49.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, operations and future prospects of drugstore.com as specified herein.

50.     These defendants employed devices, schemes, and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of drugstore.com value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about drugstore.com and its business operations and future prospects in the light of the circumstances under which they were made, not mislead-ing, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of drugstore.com securities during the Class Period.

51.     Each of the Individual Defendants' primary liability, and controlling person liability, arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these defendants, by virtue of his responsibilities and activities as a senior officer and/or director of the Company was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of and had access to other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew or recklessly disregarded was materially false and misleading.

Page 17

CLASS ACTION COMPLAINT
N:\ATTORNEY\LLS\DRUGSTORE.COM\CLASSACTIONCOMPLAINTFINAL.062504.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

52.     The defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them.   Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing drugstore.com operating condition and future business prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by defendants' overstatements and misstatements of the Company's business, operations and earnings throughout the Class Period, defendants, if they did not have actual knowledge of the misrepresentations and omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

53.     As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of drugstore.com securities was artificially inflated during the Class Period.   In ignorance of the fact that market prices of Ddugstore.com publicly-traded securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by defendants, or upon the integrity of the market in which the securities trades, and/or on the absence of material adverse information that was known to or recklessly disregarded by defendants but not disclosed in public statements by defendants during the Class Period, Plaintiff and the other members of the Class acquired Drugstore.com securities during the Class Period at artificially high prices and were damaged thereby.

54.     At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true.   Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the problems that drugstore.com was experiencing, which were not disclosed by defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their drugstore.com

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

CLASS ACTION COMPLAINT
N:\ATTORNEY\LLS\DRUGSTORE.COM\CLASSACTIONCOMPLAINTFINAL.062504.DOC

1  securities, or, if they had acquired such securities during the Class Period, they would not have
2  done so at the artificially inflated prices which they paid.

3  55.    By virtue of the foregoing, defendants have violated Section 10(b) of the
4  Exchange Act, and Rule 10b-5 promulgated thereunder.

5  56.    As a direct and proximate result of defendants' wrongful conduct, Plaintiff and
6  the other members of the Class suffered damages in connection with their respective purchases
7  and sales of the Company's securities during the Class Period.

8  **SECOND CLAIM**
9  **Violation Of Section 20(a) Of**
   **The Exchange Act Against the Individual Defendants**

10  57.    Plaintiff repeats and realleges each and every allegation contained above as if
11  fully set forth herein.

12  58.    The Individual Defendants acted as controlling persons of drugstore.com within
13  the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their highlevel
14  positions, and their ownership and contractual rights, participation in and/or awareness of the
15  Company's operations and/or intimate knowledge of the false financial statements filed by the
16  Company with the SEC and disseminated to the investing public, the Individual Defendants had
17  the power to influence and control and did influence and control, directly or indirectly, the
18  decision-making of the Company, including the content and dissemination of the various
19  statements which Plaintiff contend are false and misleading.  The Individual Defendants were
20  provided with or had unlimited access to copies of the Company's reports, press releases, public
21  filings and other statements alleged by Plaintiff to be misleading prior to and/or shortly after
22  these statements were issued and had the ability to prevent the issuance of the statements or
23  cause the statements to be corrected.

24  59.    In particular, each of these defendants had direct and supervisory involvement in
25  the day-to-day operations of the Company and, therefore, is presumed to have had the power to
26  control or influence the particular transactions giving rise to the securities violations as alleged

Page 19

CLASS ACTION COMPLAINT
N:\ATTORNEY\LLS\DRUGSTORE.COM\CLASSACTIONCOMPLAINTFINAL.062504.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1 herein, and exercised the same.

2       60.     As set forth above, drugstore.com and the Individual Defendants each violated

3 Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue

4 of their positions as controlling persons, the Individual Defendants are liable pursuant to Section

5 20(a) of the Exchange Act. As a direct and proximate result of defendants' wrongful conduct,

6 Plaintiff and other members of the Class suffered damages in connection with their purchases of

7 the Company's securities during the Class Period.

8       **WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

9       (a)     Determining that this action is a proper class action, designating Plaintiff as Lead

10 Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of

11 Civil Procedure and Plaintiff's counsel as Lead Counsel;

12       (b)     Awarding compensatory damages in favor of Plaintiff and the other Class

13 members against all defendants, jointly and severally, for all damages sustained as a result of

14 defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

15       (c)     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in

16 this action, including counsel fees and expert fees; and

17       (d)     Such other and further relief as the Court may deem just and proper.

18                             **JURY TRIAL DEMANDED**

19       Plaintiff hereby demands a trial by jury.

20

21 //

22

23 //

24

25 //

26

CLASS ACTION COMPLAINT
N:\ATTORNEY\LLS\DRUGSTORE.COM\CLASSACTIONCOMPLAINTFINAL.062504.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  Dated: _June 25, 2004_

2                                    KELLER ROHRBACK LLP

3

4                                    By: _____

5                                    Lynn Lincoln Sarko WSBA #16569
                                     Juli F. Desper, WSBA # 17593
6                                    1201 Third Avenue, Suite 3200
                                     Seattle, WA 98101-3052
7                                    (206) 623-1900
                                     **_Local Counsel_**

8                                    SCHIFFRIN & BARROWAY, LLP
                                     Marc A. Topaz
9                                    Richard A. Maniskas
                                     Three Bala Plaza East
10                                   Suite 400
                                     Bala Cynwyd, PA  19004
11                                   (610) 667-7706
                                     **_Lead Counsel for Plaintiffs_**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CLASS ACTION COMPLAINT
N:\ATTORNEY\LLS\DRUGSTORE.COM\CLASSACTIONCOMPLAINTFINAL.062504.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

2

## **CERTIFICATE OF SERVICE**

3

    I hereby certify that on June 25, 2004, I electronically filed the foregoing with the Clerk

4

of the Court using the CM/ECF system which will send notification of such filing to the

5

following: Drugstore.com, Inc., Kal Raman, Robert A. Barton, and Peter M. Neupert and I

6

hereby certify that I have mailed by United States Postal Service the document to the following

7

non CM/ECF participants: none.

8

                                        KELLER ROHRBACK LLP

9

10

                                        By:
11
                                        Lynn Lincoln Sarko WSBA #16569
                                        Juli F. Desper, WSBA # 17593
12
                                        1201 Third Avenue, Suite 3200
                                        Seattle, WA 98101-3052
13                                      (206) 623-1900
                                        ***Local Counsel***

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 22

CLASS ACTION COMPLAINT
N:\ATTORNEY\LLS\DRUGSTORE.COM\CLASSACTIONCOMPLAINTFINAL.062504.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384